# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

KEISHA LOWE,

        Plaintiff,

        v.                                           Case No. 03-C-0550

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

        Defendant.

## DECISION AND ORDER REVERSING AND REMANDING THE DECISION OF THE COMMISSIONER

        Plaintiff, Keisha Lowe, seeks judicial review of the Commissioner's denial of her application for Child's Supplemental Security Income(SSI) benefits. On January 13, 1999, Lowe, who suffers from "debilitating asthma," filed an application that was denied initially and on reconsideration. An Administrative Law Judge conducted a hearing on March 29, 2000, and the ALJ issued an unfavorable decision on September 26, 2000. The Appeals Council denied review on March 22, 2001.

        Lowe filed a second SSI application on October 16, 2000. That case proceeded to a hearing on May 1, 2003, and the ALJ issued a favorable decision on October 31, 2003, finding Lowe's "diagnosed asthma meets the requirements of Listing Section 103.03(C)(Asthma) in Appendix 1, subpart P. Regulation 4. Accordingly she is 'disabled' since October 16, 2000, the date she filed application for supplemental security income payments." (Plaintiff's Brief, Ex. A) Lowe now seeks a remand for a new hearing so that an ALJ may consider whether to award benefits from the time of her first application, January 13, 1999, to October 15, 2000.

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), this court's review is limited to determining whether the ALJ's decision is supported by "substantial evidence" and is based on the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). The ALJ's findings of fact, if supported by substantial evidence, are conclusive. *Id.* Substantial evidence is such relevant evidence as a reasonable person could accept as adequate to support a conclusion. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001); *see Richardson v. Perales*, 402 U.S. 389, 401 (1971). This court cannot reweigh evidence or substitute its judgment for that of the ALJ. *Binion on behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). However, if the ALJ commits an error of law, reversal is required without regard to the volume of evidence in support of the factual findings. *Id.* Such an error is committed if the ALJ fails to comply with the Commissioner's regulations and rulings. *Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991).

An ALJ must "'minimally articulate his reasons for crediting or rejecting evidence of disability,'" *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir.1992)), "build[ing] an accurate and logical bridge from the evidence to his conclusion." *Id.* at 872. Although the ALJ need not discuss every piece of evidence, he cannot select and discuss only the evidence supporting the decision. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Evidence favoring as well as disfavoring the claimant must be examined by the ALJ, and the ALJ's decision should reflect that. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). The district court should remand the case if the ALJ's decision lacks evidentiary support or is "so poorly articulated as to prevent meaningful review." *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 785 (7th Cir. 2003) (internal quotation marks omitted). However, a "sketchy opinion" may be sufficient if it is clear the ALJ considered the important evidence and his reasoning can be traced. *Id.* at 787.

Lowe raises six claims: (1) the ALJ failed to inform Lowe of her right to counsel properly and failed to develop the hearing record fully and fairly; (2) the ALJ concluded erroneously that Lowe did not meet or equal the criteria of the listing for asthma; (3) the ALJ did not properly evaluate treating source statements; (4) the ALJ failed to make a proper credibility determination making it impossible for Lowe or a reviewing court to reconcile the testimony given at the hearing with the ALJ's determination that Lowe is not disabled; (5) the ALJ evaluated Lowe's mental impairments improperly; and (6) the ALJ's findings regarding functional equivalence were erroneous.

### A. Waiver of Right to Representation

A claimant has a statutory right to counsel at a disability hearing. 42 U.S.C. § 406; 20 C.F.R. 404.1700. If informed properly of this right, the claimant may waive it. *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991). The claimant may waive the right if the ALJ first explains: (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency fee arrangement, and (3) the limitation on attorney's fees to twenty-five percent of past-due benefits with required court approval of the fees. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994); *Thompson*, 933 F.3d at 584. Specifically, the ALJ must state that attorney's fees are limited to twenty-five percent of the past due benefits. *See Binion*, 13 F.3d at 245 (finding that where an ALJ had not informed the claimant about the twenty-five percent cap, the ALJ failed to comply with the "clear dictates" of the waiver standard).

Keisha Lowe appeared at the March 29, 2000, hearing accompanied by her mother, Lorenda Lowe, and her aunt, Teresa Rogers. In his September 26, 2000, decision, the ALJ wrote:

> The interests of the claimant were represented at the hearing by her mother, Lorenda L. Lowe, who had filed the application for benefits. She, in turn, while fully apprised of her right to counsel, chose to proceed without representation, pursuant to her Waiver of Right to Representation form dated March 29, 2000.

(Tr. 9) However, there is no reference to representation in the transcript from the hearing and defendant's counsel does not argue that the ALJ obtained a valid waiver.

In the absence of any evidence to the contrary, the court finds that the ALJ failed to explained to Lowe and her mother the benefits of having an attorney – benefits such as questioning her in detail regarding her medical condition, obtaining a treating source assessment of her physical abilities, and making sure all her pertinent medical records were in the ALJ's file. In addition, they were not informed that there is a cap on a contingency fee of twenty-five percent. Hence, the waiver is invalid.

Nevertheless, an invalid waiver does not require reversal in every case. *Binion*, 13 F.3d at 245. Rather, the burden shifts to the Commissioner to show that the ALJ developed the record adequately. *Id.* The Commissioner must prove that the ALJ probed, inquired of, and explored all relevant facts scrupulously and conscientiously. *Id.* If the Commissioner meets the burden, a claimant has an opportunity to rebut this by demonstrating prejudice, proving that the ALJ did not elicit all of the relevant information from the claimant, or establishing an evidentiary gap. *Id.*

To determine whether an ALJ's development of the record qualifies as "full and fair," the Seventh Circuit Court of Appeals has considered factors, including: (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing (probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc.), and (3) whether the ALJ heard testimony from examining or

treating physicians. *See, e.g., Binion*, 13 F.3d at 245 (outlining the ALJ's actions in *Binion*, which did qualify as full and fair development of the record). Although there is no hard and fast standard that delineates what is full and fair development of the record, "'a significant omission is usually required before this court will find that the Secretary failed to assist pro se claimants in developing the record fully and fairly.'" *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) (quoting *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994)).

In the pending case, the court finds that the Commissioner has not met its burden for several reasons. The hearing transcript is a little over seventeen pages and only thirteen pages address Lowe's medical problems. The ALJ did not locate all of the treatment records, did not elicit testimony about why the claimant ran out of medication or whether an emergency room visit could have been avoided with the proper medication, did not hear testimony or otherwise consider reports from treating physicians, and did not follow-up on documents in the record suggesting deficits in cognitive and social functioning. (Tr. pp. 78-79)

During the hearing, ALJ noted that the treatment records ran out in April of 1999 and Lorenda Lowe testified that the plaintiff, Keisha Lowe, had six emergency visits after that date. (Tr. 31) Although the ALJ attempted to obtain some of these records, plaintiff's counsel interviewed Lowe and obtained records of at least three additional visits on August 8, 1999, August 26, 2000, and September 25, 2000. These records are significant because the ALJ acknowledged "a large number of visits to hospital emergency rooms" yet concluded that Lowe had "not documented severe asthmatic attacks, despite treatment, which have actually required hospital emergency room treatment at least once every two months, or six times per year." Along the same lines, the ALJ never asked Lowe to respond to the records or to submit additional evidence. For example, the ALJ based his decision on evidence that

eight emergency room visits occurred after medication ran out but never asked how or why that happened. However, an attorney could have obtained the documents and could have elicited relevant testimony. Hence, the representation issue alone requires that this case be remanded for reconsideration.

In addition, the following errors should be addressed on remand. First, the ALJ only evaluated Lowe under Listing 103.03(B) and not 103.03(C), and concluded erroneously that Lowe did not have the requisite number of visits during 1999. Second, there is no reference to or apparent consideration of three treating source statements. (Tr. 152, 208, 305) One of the statements requests "portal to portal" transport because Lowe is unable to walk to the corner. (Tr. 152) Yet, the ALJ found that the claimant "has no more than a mild-to-moderate deficit in her motor development." (Tr. 11) Third, the credibility determination, to the extent it exists, does not comply with 96-7p. The ALJ cited testimony regarding daily activities selectively (Tr. 10, 30, 32, 77), and seemed to ignore testimony of steroid use or frequent absences from school. (Tr. 28, 29, 34, 25 305)

Now, therefore,

**IT IS ORDERED** that the ALJ's decision is reversed and remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).

Dated at Milwaukee, Wisconsin, this 30th day of September, 2005.

BY THE COURT:

s/C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge